# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
### Richmond Division

**JOHN DAVID McBRIDE,**

      Petitioner,

v.                                            Civil Action No. **3:10CV754**

**COMMONWEALTH OF VIRGINIA,**

      Respondent.

## MEMORANDUM OPINION

Petitioner, a Virginia inmate, submitted this action which he styled a "Notice of Appeal." Petitioner stated that he was appealing an order of the Supreme Court of Virginia. He did not state any facts about his case or state the basis for his appeal.

By Memorandum Order filed January 14, 2011, this Court notified Petitioner that United States District Courts do not have jurisdiction over appeals from state supreme courts. *D.C. Court of Appeals v. Feldman*, 460 U.S. 462, 482 (1983) (noting that "a United States District Court has no authority to review final judgments of a state court in judicial proceedings"). The exception to this rule permits actions sounding in habeas corpus. *Brown & Root, Inc. v. Breckenridge*, 211 F.3d 194, 198 (4th Cir. 2000) (*citing Plyler v. Moore*, 129 F.3d 728, 732–33 (4th Cir. 1997)). The Court gave Petitioner the opportunity to pursue this action as a petition for a writ of habeas corpus under 28 U.S.C. § 2254. *See Rivenbark v. Virginia*, 305 F. App'x 144, 145 (4th Cir. 2008). The Court provided Petitioner with the appropriate forms to proceed under 28 U.S.C. § 2254 and directed him to complete and return the forms to the Court by February 3, 2011. The Court also informed Petitioner that if he wished to continue with the action as denominated, he need not take any further action at this time.

On January 26, 2011, the Court received a letter from Petitioner. In that letter, Petitioner complains that he was being denied access to the law library and that prison staff was refusing to allow him to make copies of legal documents. Petitioner also complains of the fact that perjury was committed in his habeas proceedings in case number 3:08CV246. Petitioner requests that this Court mandate that the state circuit court send a copy of state documents to Petitioner. Petitioner states that he cannot pay the five-dollar filing fee for habeas actions. Petitioner also states that in the present case, 3:10CV754, Petitioner "believe[d] this was an[] appeal [he] filed regarding a writ of actual innocen[c]e." (Docket No. 3, at 3 (capitalization corrected).) Petitioner states, "I do not wish to pursue this, however I would ask this court to note that the Attorney Generals Office fails to disclose all the avenues I had pursued when they responded to case CV.3:08CV246." (Docket No. 3, at 3 (capitalization corrected).)

Because Petitioner did not return the forms as requested, and because Petitioner "do[es] not wish to pursue this" any longer, *see* Fed. R. Civ. P. 41(a)(1)(A)(i), the Court will DISMISS the action WITHOUT PREJUDICE.

To the extent that Petitioner is requesting that this Court issue a writ of mandamus against the state court ordering the state court to send copies of documents to Petitioner, this Court lacks the authority to do so. *See Davis v. Lansing*, 851 F.2d 72, 74 (2d Cir. 1988); *Gurley v. Super. Ct. of Mecklenburg Cnty.*, 411 F.2d 586, 587 (4th Cir. 1969).

To the extent that Petitioner wishes to file a complaint against the prison for alleged violations of his civil rights, he may do so by filing a complaint pursuant to 42 U.S.C. § 1983. The Clerk will be DIRECTED to send Petitioner the appropriate forms for filing a § 1983 complaint.

If Petitioner wishes to challenge his state conviction or sentence, he may still file the

forms the Court previously sent him for proceeding under 28 U.S.C. § 2254.

An appropriate Order will accompany this Memorandum Opinion.

<div style="border:1px solid">

/s/
_____
James R. Spencer
Chief United States District Judge

</div>

Date: 2-28-11
Richmond, Virginia